IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MICHAEL SANTUCCI,<br><br>  Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU, *et al.*,<br><br>  Defendants. | Case No. 22-cv-00142-DKW-KJM<br><br>**ORDER DIRECTING SUPPLEMENTAL BRIEFING** |

Having reviewed the parties' briefing on the motion for preliminary injunction, Dkt. No. 5, the Court directs supplemental briefing as set forth below.[1]

In her opposition to the motion for preliminary injunction, Defendant Holly T. Shikada (Attorney General) contends, *inter alia*, that Plaintiff Michael Santucci's claims regarding Haw. Rev. Stat. Section 134-7(c)(3) may be "premature" and/or not "ripe" because the record is not clear whether Defendant City and County of Honolulu (Honolulu) has made a pertinent "threshold determination" in reviewing Santucci's application for a firearms permit. Dkt. No. 28 at 15-16. More specifically, the Attorney General states that there is no indication Honolulu has yet

---

[1] On July 8, 2022, the Court ordered the parties to an early settlement conference before the assigned Magistrate Judge. Dkt. No. 32. The settlement conference is ongoing, Dkt. No. 36, with a further conference set for October 4, 2022, Dkt. No. 37. The parties may seek appropriate relief from the supplemental briefing schedule set forth below, if needed and depending on the outcome of their settlement discussions.

determined whether Santucci has a "disqualifying condition", or, assuming he did, whether Santucci submitted medical documentation indicating that he was no longer affected by such a condition, as requested by Honolulu.[2]  *Id*.  The Attorney General, however, provides no further explanation of this argument and does not cite any relevant legal authority or evidence in the record to support the same.

In his reply to the Attorney General's opposition, Santucci asserts that he has "clearly suffered a harm" because Honolulu has refused to issue him a firearms permit, and he should not be required to submit medical documentation in order to obtain one.  Dkt. No. 31 at 5.[3]  Santucci, however, appears to have missed at least some of the thrust of the Attorney General's position.  First, according to the Attorney General, if Santucci has not been determined to have a "disqualifying condition", such as a "significant" mental or behavioral disorder, he would not be required to submit any medical documentation.  Second, more generally, the Attorney General's position in this regard appears to concern Santucci's challenge to Section 134-7(c)(3).  In other words, while, according to Santucci, he has been

---

[2]*See* Dkt. No. 1 at ¶ 41 and Ex. D thereto (July 13, 2021 letter from Honolulu to Santucci).
[3]Santucci also argues that, to the extent the Attorney General is making an "exhaustion" argument, the U.S. Supreme Court does not require exhaustion of state remedies for suits under Section 1983. Dkt. No. 31 at 5-6.  The Court, however, does not construe the Attorney General as making an "exhaustion" argument of the type Santucci suggests, not the least because that word is never used in the Attorney General's opposition.   Further, the case to which Santucci cites, *Knick v. Township of Scott*, 139 S.Ct. 2162 (2019), stated that it did nothing to disturb the requirement of *finality* concerning decisions of the government entity charged with implementing a challenged regulation.  *Id*. at 2169.  In his reply, Santucci does not identify any decision here that would meet this requirement.

refused a firearms permit, that does not necessarily mean that he has been harmed, "clearly" or otherwise, by Section 134-7(c)(3).

In this light, the Court directs supplemental briefing on the issue of whether any of Santucci's claims in this case are ripe for adjudication. First, the Attorney General is instructed to file a supplemental brief of no more than five (5) pages explaining, with citation to any relevant legal and evidentiary support, *inter alia*, to which of Santucci's claims her ripeness argument applies and why those claim(s) are not ripe, including whether (if known) any decision challenged here is final. The Attorney General may have until October 17, 2022 to file said brief. Second, Santucci and Honolulu may each respond *only to the specific arguments raised* in the Attorney General's supplement, via optional supplemental submissions of their own, each limited to no more than five (5) pages and due by October 31, 2022.

IT IS SO ORDERED.

DATED: October 3, 2022 at Honolulu, Hawai‘i.



Derrick K. Watson
United States District Judge