HOLLY T. SHIKADA          4017
   Attorney General of Hawaiʻi
JOHN H. PRICE             2576
KIMBERLY T. GUIDRY        3871
DAVID. S. TAGA            9046
DAVID D. DAY              9427
   Deputy Attorneys General
Department of the Attorney
   General, State of Hawaiʻi
425 Queen Street
Honolulu, Hawaiʻi 96813
Telephone: (808) 586-1360
E-Mail: john.h.price@hawaii.gov
       kimberly.t.guidry@hawaii.gov
       david.s.taga@hawaii.gov
       david.d.day@hawaii.gov

Attorneys for Defendant
HOLLY T. SHIKADA, in her
Official Capacity as the Attorney
General of the State of Hawaiʻi

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MICHAEL SANTUCCI,<br><br>      Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF HONOLULU, and HOLLY T. SHIKADA, in her Official Capacity as the Attorney General of the State of Hawaiʻi,<br><br>      Defendants. | CIVIL NO. 22-00142 DKW-KJM<br><br>DEFENDANT HOLLY T. SHIKADA'S SUPPLEMENTAL BRIEF SUBMITTED IN RESPONSE TO THE ORDER DIRECTING SUPPLEMENTAL BRIEFING [Dkt. 41]; DECLARATION OF DAVID D. DAY; EXHIBITS 1 – 2; CERTIFICATE OF SERVICE<br><br>No Trial Date |

TABLE OF CONTENTS

I. <u>THE STATUTORY PROCESS</u> ...................................................................1

II. <u>HPD DID NOT RESOLVE PLAINTIFF'S APPLICATION</u> ..........................2

III. <u>DISCUSSION</u> ................................................................................................3

IV. <u>CONCLUSION</u> ..............................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Am. Petroleum Inst. v. E.P.A.*,
  683 F.3d 382 (D.C. Cir. 2012)..................................................................4

*Blumenkron v. Eberwein*,
  715 Fed. Appx. 633 (9th Cir. 2017) .........................................................4

*Dolls, Inc. v. City of Coralville*,
  425 F. Supp. 2d 958 (S.D. Iowa 2006).....................................................4

*Fridge v. City of Marksville*,
  Civ. Action 1:15-CV-01998, 2019 WL 1923445
  (W.D. La. Apr. 8, 2019) ............................................................................5

*Reddy v. Foster*,
  845 F.3d 493 (1st Cir. 2017) ................................................................3, 5

*Sierra Forest Legacy v. Sherman*,
  646 F.3d 1161 (9th Cir. 2011)..................................................................4

*Skyline Wesleyan Church v. Cal. Dept. of Managed
  Health Care*,
  968 F.3d 738 (9th Cir. 2020) ....................................................................3

*Thomas v. Anchorage Equal Rights Comm'n*,
  220 F.3d 1134 (9th Cir. 2000)..................................................................3

*US West Comms. v. MFS Intelenet, Inc.*,
  193 F.3d 1112 (9th Cir. 1999)..................................................................5

*Wiegert v. St. Louis Bd. of Police Comm'rs*,
  No. 4:13 CV 465 RWS, 2013 WL 2395046 (E.D.
  Mo. May 30, 2013) ...................................................................................4

*Young v. Hawaii*,
  992 F.3d 765 (9th Cir. 2021), *vacated on other
  grounds*, 142 S. Ct. 2895 (2022) ..............................................................5

**Statutes**

HRS § 134-3(a) ............................................................................................................1

HRS § 134-7.................................................................................................................1

HRS § 134-7 (c) (3) .....................................................................................................1

DEFENDANT HOLLY T. SHIKADA'S SUPPLEMENTAL BRIEF
SUBMITTED IN RESPONSE TO THE ORDER DIRECTING
<u>SUPPLEMENTAL BRIEFING [Dkt. 41]</u>

This Court should dismiss all claims in this case because they are not prudentially ripe.

I.     <u>THE STATUTORY PROCESS</u>

When an individual arrives in Hawaiʻi from out of state and brings a firearm or ammunition with him, the firearm must be registered with the local chief of police. HRS § 134-3(a). If the person is "found to be disqualified" under HRS § 134-7, the person shall surrender the firearm or ammunition. *Id.* With respect to the statutory mental-health prohibitor, HRS § 134-7(c) provides the legal standard that the county police departments must apply to specific applicants and their own unique factual circumstances:

> (c) No person who . . . (3) Is or has been diagnosed as having a significant behavioral, emotional, or mental disorders as defined by the most current diagnostic manual of the American Psychiatric Association . . . ; shall own, possess, or control any firearm or ammunition therefor, unless the person has been medically documented to be no longer adversely affected by the . . . mental disease, disorder, or defect.

HRS § 134-7 (c)(3). Not every mental disorder is a disqualifying condition—instead, a disqualifying condition is "only for that type of disease, disorder, or defect which renders him dangerous to himself or others or their property." Dkt. 28-9 at 2. And even if a person has been previously diagnosed with a disqualifying

condition, he does not need to be "cured" to obtain a firearm—instead, an individual can show that he is "no longer adversely affected by" the condition, i.e., that the condition "has been controlled and no longer presents an unreasonable danger to the individual or society." Dkt. 28-10 at 2.

II.     HPD DID NOT RESOLVE PLAINTIFF'S APPLICATION

On July 13, 2021, Plaintiff attempted to register his firearms with HPD. He filled out a Permit to Acquire Application, and answered yes to question #11: "Have you been diagnosed as having a behavioral, emotional, or mental disorder(s)?" Ex. 1. Plaintiff provided the name of a physician and in Question #20, explained: "11. [REDACTED], not serious." *Id.* Plaintiff signed an HPD form entitled "Medical Information Waiver," allowing the HPD Chief of Police to access "any and all records which have a bearing on my mental health for the strict purpose of determining my qualification to acquire, own, possess, or have under my control, a firearm." Ex. 2.

Based upon the information available to the Attorney General, HPD never found that Plaintiff had a "significant behavioral, emotional, or mental disorder"— i.e., a disorder which renders him dangerous to himself or others or their property. Instead, HPD made a preliminary determination that Plaintiff "*may have* received or [is] currently receiving treatment" for any behavior, emotional, or mental disorder. Dkt. 1-4 (emphasis added). HPD stated that "to complete the processing

2

of [Plaintiff's] application" it would require certification that he is "no longer adversely affected" by the disorder. *Id.* Plaintiff thereafter filed suit.

III. DISCUSSION

This Court should dismiss all claims on the grounds of prudential ripeness. When considering prudential ripeness, courts are "guided by two overarching considerations: the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Skyline Wesleyan Church v. Cal. Dept. of Managed Health Care*, 968 F.3d 738, 751 (9th Cir. 2020) (cleaned up). The "prudential considerations of ripeness are discretionary[.]" *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1142 (9th Cir. 2000).

The fitness prong of the prudential-ripeness analysis concerns "whether the resolution of the dispute should be postponed in the name of judicial restraint from unnecessary decision of constitutional issues." *See Reddy v. Foster*, 845 F.3d 493, 501 (1st Cir. 2017) (citations and internal quotation marks omitted). Considering the first prudential ripeness prong, "a claim is fit for decision if the issues raised are primarily legal, do not require further factual development, and the challenged action is final." *Skyline Wesleyan*, 968 F.3d at 752 (brackets omitted).[1]

---

[1] On the other hand, "courts decline to review tentative agency positions because doing so severely compromises the interests the ripeness doctrine protects: The agency is denied full opportunity to apply its expertise and to correct errors or modify positions in the course of a proceeding, the integrity of the administrative process is threatened by piecemeal review of the substantive underpinnings of a

3

Here, all of Plaintiff's claims revolve around HPD's preliminary determination regarding Plaintiff's mental health,[2] which is a *factual* issue that requires further factual development. HPD has expressly stated that it has not made a final decision on Plaintiff's application. Dkt. 1-4. If Plaintiff believes that HPD erred during the ongoing processing of his application—as a factual matter or in its application of Hawai'i law to date—that should be raised with HPD to allow HPD to fix its mistakes before issuing a final decision.[3]

---

rule, and judicial economy is disserved because judicial review might prove unnecessary if persons seeking such review are able to convince the agency to alter a tentative position." *Am. Petroleum Inst. v. E.P.A.*, 683 F.3d 382, 387 (D.C. Cir. 2012) (internal quotation marks omitted).

[2] Every count in the Complaint revolves around HPD's application of the mental-health prohibitor to Plaintiff. And, indeed, both the as-applied and facial constitutional challenges are not ripe. *See, e.g.*, *Blumenkron v. Eberwein*, 715 Fed. Appx. 633, 636 (9th Cir. 2017) (facial challenges "are not prudentially ripe because further factual development would significantly aid the court"); *Dolls, Inc. v. City of Coralville*, 425 F. Supp. 2d 958, 993 (S.D. Iowa 2006) ("Because none of Dolls' as-applied claims are ripe, the Court, for prudential reasons, refuses to exercise jurisdiction over Dolls' facial challenge."); *Wiegert v. St. Louis Bd. of Police Comm'rs*, No. 4:13 CV 465 RWS, 2013 WL 2395046 *3 (E.D. Mo. May 30, 2013) ("Because Wiegert's as-applied claim is not ripe, I will refuse to exercise jurisdiction over his facial challenge for prudential reasons."); *cf. Sierra Forest Legacy v. Sherman*, 646 F.3d 1161, 1193 (9th Cir. 2011) (Reinhardt, J., plurality opinion) (facial challenge to 2004 Framework not ripe; if "approval of the Project did not comply with the 2004 Framework, then there is no showing that there is a causal relationship between any alleged deficiencies in the Project and any alleged deficiencies in the Framework itself"). Any limited exception regarding facial Taking challenges is inapplicable. *See Dolls, Inc.*, 425 F. Supp. 2d at 993–94.

[3] Irrespective of the fact that Plaintiff already signed HPD's waiver regarding his mental-health records when applying to register his firearms (*see* Ex. 2; Count V), Plaintiff's due-process claims (Counts II & V), to the extent they assert procedural due-process theories, are not ripe because Plaintiff failed to utilize available

Further, Plaintiff cannot show that withholding review would meet the hardship requirement—"that withholding review would result in direct and immediate hardship and would entail more than possible financial loss." *US West Comms. v. MFS Intelenet, Inc.*, 193 F.3d 1112, 1118 (9th Cir. 1999). Withholding review would not result in direct and immediate hardship as Plaintiff and HPD could immediately begin resolving the issues at an administrative level. And simply because a constitutional right is at issue does not mean a hardship exists. *See* constitutional cases cited in footnotes 2 and 3 *supra*.

IV. CONCLUSION

This Court should dismiss all claims in this case because they are not prudentially ripe, a ruling that would promote "judicial restraint from unnecessary decision of constitutional issues." *See Reddy*, 845 F.3d at 501.

---

administrative remedies. *See Young v. Hawaii*, 992 F.3d 765, 828 (9th Cir. 2021), *vacated on other grounds*, 142 S. Ct. 2895 (2022) (procedural due-process claim regarding concealed-carry permit premature where Young had not yet been denied a contested-case hearing); *Fridge v. City of Marksville*, Civ. Action 1:15-CV-01998, 2019 WL 1923445, at *6–7 (W.D. La. Apr. 8, 2019) ("Because Fridge has not alleged or shown that he has unsuccessfully sought the return of his firearm pursuant to state law, his Second Amendment and procedural due-process claims are not yet ripe and should be dismissed without prejudice.").

DATED: Honolulu, Hawai'i, October 17, 2022.

*/s/ David D. Day*
JOHN H. PRICE
KIMBERLY T. GUIDRY
DAVID D. DAY
DAVID S. TAGA
Deputy Attorneys General

Attorneys for Defendant HOLLY T. SHIKADA, in her official capacity as Attorney General for the State of Hawai'i