DANA M. O. VIOLA       6095
Corporation Counsel

ROBERT M. KOHN       6291
DANIEL M. GLUCK       7959
Deputies Corporation Counsel
City and County of Honolulu
530 S. King Street, Room 110
Honolulu, Hawaiʻi 96813
Telephone: (808) 768-5129, 5233
Facsimile: (808) 768-5105
Email address: robert.kohn@honolulu.gov / daniel.gluck@honolulu.gov

Attorneys for Defendant
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MICHAEL SANTUCCI,<br><br>    Plaintiff,<br><br>v.<br><br>CITY & COUNTY OF HONOLULU, and HOLLY T. SHIKADA, in her Official Capacity as the Attorney General of the State of Hawaii,<br><br>    Defendants. | CIVIL NO. CV22-00142 DKW/KJM<br><br>**DEFENDANT CITY AND COUNTY OF HONOLULU'S RESPONSE TO ATTORNEY GENERAL'S SUPPLEMENTAL BRIEF [Dkt. #43]**<br><br><br>Judge: Hon. Derrick K. Watson<br>Trial Date: None |

DEFENDANT CITY AND COUNTY OF HONOLULU'S RESPONSE TO
ATTORNEY GENERAL'S SUPPLEMENTAL BRIEF [Dkt. #43]

    The City agrees with the Attorney General that Plaintiff's claims are unripe.

The City's brief responses are as follows:

**Attorney General Heading I:  The Statutory Process**

The City concurs with this portion of the Attorney General's brief, with one additional note:  if an individual applies for a <u>permit to acquire</u> a firearm, that application is deemed denied, automatically, unless granted within twenty days.  Hawai'i Revised Statutes ("HRS") § 134-2(e).  Mr. Santucci, however, was not applying for a permit to acquire a firearm pursuant to HRS § 134-2; instead, he sought to <u>register</u> firearms brought into Hawai'i from out of state pursuant to HRS § 134-3(a).  There is no statutory provision by which a <u>registration</u> request under HRS § 134-3(a) is automatically denied after a certain amount of time.

**Attorney General Heading II:  HPD Did Not Resolve Plaintiff's Application**

The Attorney General is correct that HPD never made a finding that Mr. Santucci was disqualified from possessing firearms.  HPD issued its request for information to Mr. Santucci on or about July 13, 2021 [Dkt. #1-4], but Mr. Santucci did not respond directly to HPD; instead, Mr. Santucci filed suit on April 3, 2022 [Dkt. #1], attaching a declaration from psychiatrist Dennis Petrocelli [Dkt. #1-5].  HPD never denied Mr. Santucci's application, and as discussed above, the application was not denied automatically with the passage of time.  Instead, the application remained unresolved at the time Mr. Santucci filed his complaint.  Accordingly, the Attorney General is correct on this point.

**Attorney General Heading III:  Discussion**

The Attorney General is correct that all of Plaintiff's claims should be dismissed based on prudential ripeness, principally because the challenged action in this case – HPD's consideration of Plaintiff's application – was not final at the time the Complaint was filed.  The Attorney General is also correct regarding the absence of hardship to the Plaintiff.[1]

In sum, the City fully concurs with the Attorney General's assessment regarding ripeness,[2] and appreciates the Court's and the Attorney General's attention to this issue.

---

[1] In the interest of complete candor with the Court, but very mindful of the Court's admonition that the City respond only to the arguments raised by the Attorney General [Dkt. #41 at 2]:  HPD has just sent Mr. Santucci written correspondence indicating that the declaration from Dr. Petrocelli [Dkt. #1-5] satisfies HPD's July 13, 2021 request for information [Dkt. #1-4], such that HPD would continue to process Mr. Santucci's application upon confirmation that Mr. Santucci's application information remains current.  This development supports the Attorney General's argument regarding the hardship prong of the prudential ripeness analysis, though the Attorney General's analysis is correct even without this development.  Any additional impact of this development on this case is outside the scope of the Court's Order Directing Supplemental Briefing.

[2] To the extent that the Attorney General's supplemental brief suggests that Plaintiff's claims arise solely due to HPD's implementation of the relevant statute – rather than the statutory language itself – the City respectfully disagrees, for the reasons set forth in previous briefs.  See Attorney General's Supplemental Brief [Dkt. #43] at 4 and n.2; see generally City's Memorandum in Support of Motion to Dismiss [Dkt. #19-1].  Nevertheless, the Attorney General and the City arrive at the same result, which is that Plaintiff's claims are unripe.

4

DATED:  Honolulu, Hawaiʻi, October 31, 2022.

                                    DANA M. O. VIOLA
                                    Corporation Counsel

                                By  /s/ Daniel M. Gluck
                                    DANIEL M. GLUCK
                                    ROBERT M. KOHN
                                    Deputies Corporation Counsel

                                    Attorneys for Defendant
                                    CITY AND COUNTY OF HONOLULU