Kevin Gerard O'Grady
Law Office of Kevin O'Grady, LLC
1136 Union Mall, Suite 808
Honolulu, Hawaii 96813
(808) 521-3367
Hawaii Bar No. 8817
Kevin@KevinOGradyLaw.Com

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL SANTUCCI, | Civil Action No. 1:22 CV -00142 DKW-KJM |
| Plaintiff, | **STIPULATION AND ORDER;** |
| | **PROPOSED STIPULATED** |
| v. | **JUDGMENT AND** |
| | **STIPULATED PERMANENT** |
| CITY AND COUNTY OF HONOLULU; | **INJUNCTION** |
| ANNE E. LOPEZ, in her Official | |
| Capacity as the Attorney General of the | |
| State of Hawaii | |
| | |
| Defendants. | |

## STIPULATION AND ORDER

Plaintiff MICHAEL SANTUCCI (hereinafter "Plaintiff"), and THE CITY AND COUNTY OF HONOLULU, (hereinafter "the County"), and ANNE E. LOPEZ, in her official capacity as Attorney General of the State of Hawaii (hereinafter "Hawaii," and together with the County, "Defendants"), collectively, "The Parties", by and through counsel undersigned, hereby stipulate and agree as follows:

WHEREAS, Plaintiff Michael Santucci, is a natural adult person who resides in Honolulu Hawaii, who had brought firearms, that he had legally acquired and owned prior to arriving in Hawaii, with him to Hawaii; That Plaintiff brought his firearms to County's police station to register them in accordance with state law and was provided permit to acquire firearm and firearm registration paperwork by County police officers; That Plaintiff completed all documents provided to him; That upon seeing an affirmative response to question eleven of the form that read "Have you been diagnosed as having a behavioral, emotional, or mental disorder(s)? [HRS §134-7(c)(3)]", County police seized Plaintiff's firearms and provided him with a form that read, in pertinent part, "During the course of your background check, it was determined that you may have received or are currently receiving treatment or counseling for the following:

    1. An addiction to, abuse of, or dependence upon any drug, intoxicating compound, or intoxicating liquor;

OR

    2. A behavior, emotional, or mental disorder as defined by the most current manual of American Psychiatric Association;

OR

    3. An organic brain syndrome.

As such, in order to complete the processing of your application, we will require written certification from a licensed psychologist, psychiatrist, or medical doctor documenting that you are no longer adversely affected by the addiction, abuse, dependence, mental disease, disorder, or defect. No further action will be taken on your application until the required letter is received.

County took no further action on Plaintiff's permit to acquire and registration documentation;

WHEREAS, pursuant to H.R.S. §134-7(c)(3) as it existed on November 23, 2022 and prior, no one in the State of Hawaii who is or has been diagnosed as having a significant behavioral, emotional, or mental disorder as defined by the most current diagnostic manual of the American Psychiatric Association or for treatment for organic brain syndromes; shall own, possess, or control any firearm or ammunition therefor, unless the person has been medically documented to be no longer adversely affected by the addiction, abuse, dependence, mental disease, disorder, or defect.

WHEREAS, an affirmative answer to question eleven, as it existed on the pertinent forms as of November 23, 2022 and prior, does not alone prove that the applicant is prohibited from owning arms and ammunition under H.R.S. §134-7(c)(3);

WHEREAS, on April 3, 2022, Plaintiff filed a complaint against County and Hawaii alleging that County and Hawaii violated Plaintiff's rights, primarily his Second Amendment rights, in a variety of ways, (hereinafter "Lawsuit" or "The Lawsuit");

WHEREAS, Plaintiff simultaneously filed a motion seeking a preliminary injunction against the County and Hawaii;

WHEREAS, the Court, after considering the briefs submitted by the Parties, granted in part and denied in part Plaintiff's motion for a preliminary injunction, and granted in part and denied in part the County's motion to dismiss; see Court Order attached as Exhibit "A";

**NOW THEREFORE**, the Parties stipulate and agree as follows:

1) The Proposed Stipulated Judgment and Stipulated Permanent Injunction attached as Exhibit "B" shall be entered in favor of Plaintiff and against County, subject to approval by the Honolulu City Council.  Should the Honolulu City Council not approve the Stipulated Final Judgment and Stipulated Permanent Injunction, this Stipulation shall be null and void and the Judgment set aside;

2) Both Defendants, individually and together, agree and concede that Plaintiff is the prevailing party as between Plaintiff and the County and

4

that the granted preliminary injunction is sufficient imprimatur by the court to establish prevailing party status by Plaintiff against the County;

3) In full and final settlement and satisfaction of all claims by Plaintiff for damages, fees, including attorneys' fees, and costs in The Lawsuit-

A) County shall pay a payment of $102,500, one-hundred-two-thousand-five-hundred dollars, subject to Honolulu City Council approval;

B) Hawaii shall pay a payment of $28,000, twenty-eight-thousand dollars, subject to approval by the Hawaii State Legislature and Governor;

C) Counsel for the County and Hawaii shall, in good faith, seek approvals from the City Council and the State Legislature.

D) Absent an agreement by the Parties extending the deadline-

   i) If all necessary approvals are not obtained and payment of the County's payment of $102,500 is not completed by September 15, 2023, this Stipulation shall be null and void as between the County and Plaintiff and the Stipulated Judgment and Stipulated Permanent Injunction shall be set aside as between the County and Plaintiff. If that should occur, then funds that have been paid by the County up to that point shall be returned and the litigation in this case shall resume. The nullification of the Stipulation as

        between the County and Plaintiff shall not affect the validity of the Stipulation as between Hawaii and Plaintiff.

    ii)    If all necessary approvals are not obtained and payment of Hawaii's payment of $28,000 is not completed by August 31, 2024, this Stipulation shall be null and void as between Hawaii and Plaintiff and the Stipulated Judgment and Stipulated Permanent Injunction shall be set aside as between Hawaii and Plaintiff.  If that should occur, then funds that have been paid by Hawaii up to that point shall be returned and the litigation in this case shall resume.  The nullification of the Stipulation as between Hawaii and Plaintiff shall not affect the validity of the Stipulation as between the County and Plaintiff.

E)    The Proposed Stipulated Judgment and Stipulated Permanent Injunction resolves all claims for damages, attorney's fees and costs.  No other claims, including claims for damages, attorney's fees or costs, remain outstanding in this litigation.  All parties who have appeared in this action have signed this stipulation.

DATED:  Honolulu, Hawaii, May 22, 2023

                                    */s/ Kevin O'Grady*
                                    KEVIN O'GRADY
                                    Attorney for Plaintiff MICHAEL SANTUCCI

DATED: San Diego, California, May 22, 2023

          /s/ *Alan A. Beck*
          ALAN A. BECK
          Attorney for Plaintiff MICHAEL SANTUCCI

DATED:  Honolulu, Hawaii, May 22, 2023

          /s/ *Daniel M. Gluck*
          DANIEL M. GLUCK
          Attorney for Defendant
          CITY AND COUNTY OF HONOLULU

DATED:   Honolulu, Hawaii, May 22, 2023

          /s/ *Nicholas M. McLean*
          NICHOLAS M. MCLEAN
          Attorney for Defendant ANNE E. LOPEZ, in her
          Official Capacity as Attorney General of the State
          of Hawaii

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: May 24, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Santucci v. City and County of Honolulu et al.*; Civil Action No. 1:22-cv-00142-DKW-KJM; United States District Court for the District of Hawaii; STIPULATION AND ORDER; PROPOSED STIPULATED JUDGMENT AND STIPULATED PERMANENT INJUNCTION